IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK JORDAN and BRANDON WATKINS,
each individually and on behalf of all others
similarly situated                                                                                        PLAINTIFFS

v.                                        Case No. 2:16-CV-02227

RHD, JR., INC., d/b/a MAYFLOWER RV
SALES & SERVICE; and ROBERT H.
DUDLEY, JR.                                                                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is the parties' joint motion (Doc. 38) to approve their settlement agreement and dismiss, filed pursuant to Federal Rule of Civil Procedure 41(a)(2). Additionally, the parties submitted for in camera review a brief in support of the motion (Doc. 39), the proposed settlement agreement (Doc. 39-2), damages calculations by both parties (Docs. 39-1, 39-5), an invoice for work performed by Plaintiffs' counsel (Doc. 39-3), and an affidavit of attorney Josh Sanford (Doc. 39-4).[1] The Court has reviewed the joint motion, the proposed settlement agreement, and the additional documents submitted for in camera review, and will now approve the settlement agreement and grant the motion to dismiss.

Plaintiffs filed this lawsuit on September 12, 2016, claiming that Defendants failed to pay minimum or overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-211. On February 17, 2017, the Court conditionally certified the case as a collective action pursuant to 29

---

[1] While the parties submitted these documents for in camera review, the Court has filed them under seal on the docket.

1

U.S.C. § 216(b) and authorized notice to be sent to potential opt-in plaintiffs. (Doc. 23). The matter is currently set for trial the week of August 14, 2017.

The law is unclear in the Eighth Circuit as to whether judicial approval of a proposed private release of FLSA claims is in all cases required before dismissal. *See King v. Raineri Constr., LLC*, 2015 WL 631253, *1 (E.D. Mo. Feb. 12, 2015) (collecting cases). However, it is clear that there are only two ways in which wage claims under the FLSA can be waived: first, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them, and second, when (as here) an employee brings a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216(c); *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.* 521 F.3d 1010, 1014 (8th Cir. 2008). The parties here do not propose a stipulated judgement, but they have set out in their settlement agreement the amounts due to each opt-in Plaintiff for unpaid wages and amount of liquidated damages agreed upon. The parties have also agreed as to the amount of attorneys' fees that Defendants will pay Plaintiffs' counsel. The parties have agreed that Plaintiffs will voluntarily waive all claims for compensation, including FLSA claims.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Because the complaint displays a bona fide dispute exists as to whether Plaintiffs are entitled to a minimum wage and overtime for their work as mechanics for Defendants, the Court must evaluate whether the settlement is fair. In determining whether a settlement is fair and reasonable under the FLSA, factors this Court considers are the stage of the litigation and the amount of discovery exchanged, the experience of

counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D. D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

In reviewing these factors in relation to the joint motion and settlement agreement, the Court finds that the parties' agreement is fair and reasonable. At this late stage in the litigation, the parties have engaged in extensive document and deposition discovery. Both Plaintiff and defense counsel have substantial experience in this field and have appeared before this Court for FLSA and AMWA claims on numerous occasions.[2] While defense counsel plans to present evidence at trial that Plaintiffs were exempt from coverage as mechanics engaged primarily in servicing automobiles or as outside sales employees, as well as evidence that could limit the damages potential, the agreed upon settlement amounts show that the parties agree Plaintiffs are likely to be successful on the merits. Plaintiffs have provided the Court with substantial documentation as to how they calculated their damages, and the settlement agreement allows for the recovery of more than 95% of each Plaintiff's claim for unpaid wages, including liquidated damages.[3] Based on the high yield of recovery when compared to the damages calculation for

---

[2] Plaintiffs' attorneys currently represent two other employees of Defendants, who are represented by the same defense counsel, in a case filed last month in the Eastern District of Arkansas. *David Birch and Michael Benet v. RHD, Jr., Inc., d/b/a Mayflower RV Sales & Service, et al.*, Case No. 4:17-CV-00384-DPM. As a result, this settlement agreement includes a non-disparagement clause to prevent the instant Plaintiffs from assisting in that case. It also prevents Defendants from using this lawsuit to disparage Plaintiffs in future job references.

[3] The Court does note, however, that opt-in Plaintiff Michael Gates's damages calculation includes a 50% reduction for "margin of error due to inaccurate time records." It appearing that the parties are in agreement that Mr. Gates's time records are substantially inaccurate, the Court considers this reduction in his damages calculation to be reasonable.

3

each Plaintiff, the Court determines that the settlement agreement is the product of arm's length negotiations between the parties based on the case's merits and that there has been no "overreaching" by the employer during the negotiations.

Finally, the parties have provided in camera an affidavit and time-logs for the proposed attorneys' fees. The affidavit and logs reveal that a reasonable rate is requested, and in light of the relief this settlement affords to each Plaintiff, the Court finds that this requested fee of $11,785.00 is reasonable. This amount is 29% of what Plaintiff's counsel represents in the invoice as the total balance due to them for this case. Furthermore, based on the more than 95% yield for Plaintiffs on their damages calculations, the Court determines that the attorneys' fee will not be recovered at the expense of the Plaintiffs' wage claims.

This settlement appears to be the result of an arms-length negotiation between the parties based on the merits of the case. It is informed by the facts revealed during discovery; it provides a substantial recovery to Plaintiffs when considered in light of the existing bona fide disputes, the merits of their case, and the likelihood of their success; and it contains no hallmarks of collusion.

IT IS THEREFORE ORDERED that the proposed settlement agreement is approved in its entirety as fair and reasonable.

IT IS FURTHER ORDERED that the parties' joint motion to dismiss (Doc. 38) is GRANTED and, in light of the settlement agreement, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 24th day of July, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE